UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re          Case No. 08-81728-WRS
               Chapter 13

JESSE LEWIS FREEMAN,

　　　Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for hearing on December 8, 2010, on the Debtor's motion to stay proceedings pending appeal. (Doc. 75). The Debtor was present in person. Gladys King was present by counsel Charles M. Ingrum, Jr. For the reasons set forth below, the motion is DENIED.

### I. Facts

Jesse Lewis Freeman filed a petition in bankruptcy in this Court, pursuant to Chapter 13 of the Bankruptcy Code, on November 18, 2008. On June 16, 2009, this Court confirmed Freeman's Chapter 13 Plan. (Doc. 39). Freeman is performing under his Plan and, assuming that he continues to perform, he will complete his plan and receive a discharge pursuant to 11 U.S.C. § 1328.

On June 15, 2009, Gladys F. King filed a motion seeking relief from the automatic stay to permit her suit to quiet title to proceed. (Doc. 42). In 2006, King filed a civil action in the Circuit Court for Randolph County, Alabama, seeking to quiet title to a parcel of real property.[1] Jesse Lewis Freeman is named as one of 83 Defendants in that suit. King alleges that Freeman

---

[1] The style of the case is quite lengthy, but Gladys F. King is the Plaintiff and she names a parcel of real estate and 83 individuals who are the heirs of W.M. Freeman. The case is assigned Case No. CV-2006-103. The Court will refer to this as the King case.

owns a 1/135th interest in the subject property. (Doc. 42). Freeman contends that he owns the entire interest having acquired it by adverse possession from the other heirs.

The Court held a hearing on the motion for relief from the automatic stay on July 13, 2010, in Opelika. At the hearing, the Court found that King has shown sufficient cause and granted relief from the automatic stay, permitting the Circuit Court to proceed and hear the King suit. (Doc. 46). Freeman filed an objection and motion to vacate this Court's Order granting relief from the automatic stay. (Docs. 48, 56). On August 19, 2010, this Court denied Freeman's motion to vacate. (Doc. 60). On September 2, 2010, Freeman filed a Notice of Appeal. (Doc. 62). On November 9, 2010, Freeman filed a Motion to Stay Pending Appeal. (Doc. 75).

## II. LAW

Freeman's motion is governed by the provisions of Bankruptcy Rule 8005, which provides, in part, as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

In general terms, such motions are "questions for the bankruptcy judge whose decisions should be reviewed for abuse of discretion." Forest Oaks, LLC v. SPCP Group, LLC (In re Forest Oaks,

LLC), 2010 WL 1904340 (S.D. Ala. Order dated May 10, 2010).

The underlying legal issue on appeal is whether King has shown cause for relief from the automatic stay. See, 11 U.S.C. § 362(a), (d). The record indicates that she brought suit in Randolph County in 2006 to quiet title to property involving 83 heirs. Freeman has not made any attempt to litigate his claim to the property in this or any other court, nor has he shown why King's suit should not be litigated in Randolph County.[2] Rather, it appears that Freeman is using the automatic stay in bad faith to stall what is obviously a very cumbersome civil action. It is clear that the question of who owns the property and in what proportions has to be litigated somewhere. Moreover, Freeman's Chapter 13 Plan has been confirmed and it does not appear that any bankruptcy-related purpose would be served by litigating the question here. Indeed, where as here, there are 83 named defendants and one of them is in bankruptcy, it would appear to make more sense to litigate the claims of all 83 in Randolph County rather than in Bankruptcy Court.

Freeman has not advanced any argument that his Chapter 13 bankruptcy case will in any way be harmed if the civil action proceeds in Randolph County. Indeed, were Freeman's motion

---

[2] If Freeman were to file suit in Bankruptcy Court to quiet title to the property, one of three undesirable alternatives would result. First, the Bankruptcy Court could take jurisdiction of the question of Freeman's claim, leaving all others to be resolved in Randolph County, with the attendant risk of inconsistent adjudications and two or more courts taking jurisdiction over the same property. Second, the Bankruptcy Court could take jurisdiction of the claims of all 83 parties, raising complicated questions of subject matter jurisdiction, not to mention the practical problems of serving 83 parties and hearing all of their claims. That this has already been done in Randolph County further weighs in favor of the action proceeding there. Third, and least desirable of all, nothing would take place here in Bankruptcy Court and proceedings in Randolph County would be stayed for several years until the automatic stay terminates by operation of law upon entry of discharge. This is perhaps Freeman's unspoken preference. This third alternative is an improper use of the automatic stay and abuse of the protections of the bankruptcy laws.

3

to be granted, and King's suit stalled, at least with respect to Freeman, there is no answer to the question "what next?" If the King suit is stayed, and nothing else is done, her suit would sit in limbo until discharge was entered in Freeman's Chapter 13 case, an event which may not occur for three more years. Freeman ignores the fact that the imposition of the automatic stay by itself does not resolve anything. The claims of the 83 heirs in the subject property must be determined somewhere, and it appears that the Circuit Court in Randolph County is the best place. Freeman has never advanced any reason why the relief from the automatic stay should not be granted. Rather, he persists in arguing the merits of his claim against the underlying property, apparently not realizing that he may make all these arguments in the Circuit Court for Randolph County, once it hears the King suit.

### III. CONCLUSION

For the reasons set forth above, Freeman's motion to stay proceedings pending appeal is denied. Freeman has made no showing that he will suffer any harm if his motion is denied, nor has he shown any good reason why the action in Randolph County should be delayed.

Done this 22nd day of December, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtor
  Robert D. McWhorter Jr., Attorney for Debtor
  Charles M. Ingrum Jr., Attorney for Gladys F. King
  Curtis C. Reding, Trustee